Our next case is BSG Tech v. BUYSEASONS, 17-1980. Okay, Mr. Bennett, you reserve four minutes of time for rebuttal. Yes, Your Honor. Okay, you can proceed. May it please the Court, the District Court granted summary judgment on Section 101 because it found that the claims were abstract, they did not improve the functionality of the computer and it could be in our convention. However, all the evidence of the record demonstrates the exact opposite and there's no contrary evidence. The claims were directed to three distinct databases. The specification explained that the database... You argue in the blue brief that the patents improve upon prior art databases by allowing quote, users to add parameters without modifying the predefined database structure. That seems sort of a core argument. Where do the claims teach how a user can add these parameters to the database structure and where do the claims teach how the system prevents the predefined database structure from being modified? That is only with respect to Claim 9 and the 652 patent. There's two other patent claims that do not have that limitation. In terms of adding information... Take me to the record and show me. I'm sorry, for which point? Where do the claims teach how a user can add the parameters and where do they teach how the system prevents the predefined database structure from being modified? That was actually discussed in the prosecution history where what was argued was that you So when you add a parameter, you're adding a new... As opposed to having... Where do the claims... Take me to the... Where do the claims teach... The claims don't... The claims... Are you saying an example of how it's done? The claims do not provide an example of how you can modify... How you can add a parameter to the predefined... Without modifying the predefined structure. That's discussed in the prosecution history and I believe it was also discussed in the specification as to how you structure the database in order to accomplish that. In the 294 patent at column 1, line 21, and column 2, lines 2 to 3, the specification explains that indexing is similar to organizing the white pages and yellow pages. Doesn't that demonstrate that claims are directed to an abstract idea? If they were only directed to that point, yes. But however, when you look at the claims, claim 10 of the 294 patent requires classifications, parameters, values, which not only in the specification, but in the expert report, said that this is a very specific type of database. Having that particular structure, you can have one that doesn't have classifications, you can have one that doesn't have parameters. If it was a technology, who creates that database? A programmer would. Somebody outside the scope of the claims? You would have somebody... You could buy a commercial database and then a programmer would then structure it based on how the claims describe how to structure the database. And then that's the database, that program that somebody else has done. The invention is not programming that database. That database comes to the user program, correct? The database has a general idea of what you can do with it. The programmer can then program it in certain ways to accomplish certain tasks. And programming that database is not patent eligible, is it? What's eligible is a new database. Right, a new structured database would be what would be patent eligible. So just the fact of... So if you start with a commercial off-the-shelf database, that's a conventional item. So you have to add something to that that's not routine and conventional, or that's not directed to an abstract idea. In terms of timing, something that may be off-the-shelf today, back in 1998 when this patent was first... Are you claiming that you invented a new specific type of database? Yes. Where did the claim say that? It has a particular structure, classification, parameter value. Where is the particular structure? It's the classification. It's broken into classifications. This is claim 10 of the 294 patent and claim 9 of the 652 patent. You mean a plurality of item classifications, parameters, and values, and the like? Where it says, yes, there's a classification. So in claim 10, it says item classifications, parameters, and values, wherein, and then it not only sticks with that, it says, wherein individual parameters are independently related to individual item classifications, and individual values are independently related to individual parameters. But this is all just a method of indexing. I mean, that's what this claim is. It's a method claim. Well, yes, this is a method claim. Claim 9 of the 652 patent is called the self-evolving database system. So it's a method claim. Claim 10 is a method claim requiring a particular... Well, if you want to go to claim 9 of 652, let's do that. Where in that does it claim a specific database structure that's new? It has a classification, parameters, values, which are used to describe... Where does it tell you what those classification parameters, values, or the like are? In the specification... Okay, so that's helpful. You're trying to get to the specification, but how do we know that you have confined yourself to the specification or the like? In these one-on-one cases, we look at the language of the claims, and this is very, very broad, functional language that seems to me to be directed to collecting and identifying information and data and the like, and we've never held that patent eligible. If you have a new database where the information is structured... You keep saying a new database, but how do we know what that database is and what you've identified as the database from looking at this claim? Are you saying new database in the sense that it has different information in it? No, Your Honor. It's a database that has a particular structure. It has to have a classification, parameter, value structure, which... But it doesn't tell us what that structure is in the claim. But, I mean, this is written towards a person of ordinary skill in the art and what a person of ordinary skill in the art can understand. But they still wouldn't know exactly which specific kind of parameters and values and classifications you're using based upon the claim language. From the expert report, it says a person of ordinary skill in the art would understand what is intended by a classification, how you classify things. Parameters describe the item, so color, size, price, those would be parameters. And then the values would be the information that you would put into the parameters, so color, blue. And so... How is any of this new database structure? It's just different parameters for information. The classification parameter value structure alone is not what's patented. It requires additional structure to it. So, in Claim 9 of the 652 patent, you have to be able to add parameters without modifying the structure of the database. It's explained in the specification how to do that. It's also discussed in the prosecution history how that can be done. But in addition, this is not only a general structure database. This is a database in which not only does a programmer control it, but it is structured in a way that a user is allowed to input information. So there's a lot of databases out there that do not fit into this. In fact, there's very few databases... The user is not the programmer. That's correct. So all the user is doing is typing information in. That's correct. Which is different than a lot of databases where, for example, Google, you type information in, but it's solely used for searching. There's no information stored by Google when they're inputting the information. And so, well, there's no information that they're storing in a database that somebody else can search for. So it's a particularly structured database. I don't know about that. You're not inputting it for somebody else to go, well, what did somebody else search? What did you search for? How many times did you search this? I assume you can probably buy it. But the intent of the user doing a Google search is not to store their own item information. So what are you claiming? The methods that the programmer undertakes to create the database? Claim 10 is a method in which you're required to use a particular database. Do you understand what I'm saying? I mean, you keep saying this database. And when I was asking you a while ago, where does this database come from, you told me a programmer creates it. And as far as I can see, you're not claiming the steps that the programmer takes to create the database. This database just pops out of the blue and then the user begins to use it. It's a method of using a particular database. But the particular database that you talk about is not the invention here, correct? No, the database, the structure of how the database responds is, or how it operates is, because you have to use a particular database and the database has particular functionality to it. How does the data get into the database? It's the user. The user inputs information, correct. And so what the point of these databases are, is the user inputs information, and as the information is compiled within the database, how do you then control how the database is organized and whether somebody could actually search for information and find useful information in the future. And so what all these claims are, on a high level, it's user input information into a database. There's generally a specific structure, but it also requires... Are the databases static, or is there an algorithm involved here? From the context of, each of the claims have a limitation which requires the database providing certain information to the user before the user inputs information. So not only is there a classification parameter value structure, but as the user is inputting information, the database prompts the user with what other people have used in order to influence them to provide information. So other than telling us those functions, is there an algorithm or rules that are disclosed in the claims that are directed to them? Yes, so it's the language... The relative historical usage information, or summary comparison usage information, requires the database to provide specific information to the user related to... The summary comparison usage information is statistics or information based on how frequently somebody has input information. There's various ways to describe that in the specification. And then the relative historical usage information provides information to the user of historically what have people... But all of that is just providing data and information. It's not describing a new structure for the database. It may be describing a new way that the database provides information. A new structure might be patentable. A new way of providing data in different formats and requiring different responses from the user is not. And in this database, it's not one or the other. There's a particular structure in addition to... Well, you keep talking about a particular structure, but I have yet to hear you describe to me what that particular structure is in more than very broad, functional, generic terms. The best I can say, Your Honor, is we had an expert report that said this is not a conventional database. That's not enough. Where in the patent claims or the specification does it... And let me give you what I'm looking for. In Enfish, we actually found a new database structure primarily because it was a means-plus-function claim and it had a specific algorithm in the specification that defined this new database structure. Do you have anything close to that here? I mean, I know these aren't means-plus-function claims, but do you have any specific algorithm or the like defining the structure of this new database? There are figures and examples in the specification that describe this is how you set up the database. This is what it means to be a classification. This is what it means to be a parameter. This is what it means to be a... That doesn't sound like a new database to me. That sounds like this is how you program a database. Well, except at the beginning in columns 1 through 3, they describe alphabetical databases, hierarchical databases, yellow pages databases, specialty databases, and said... Those are just all ways of organizing information on a database. Right, and this patent is not those. It is improving upon that by having a particular structure. What is your best part of the specification to show that this is a new database? I would say it would be the fact... Where? Don't just describe it to me. Where? In the specification, point me to the lines and columns that you think describes a new database. Okay, if you... After describing the specification as to what is in the prior art... Where are you? I am on... The prior art is described on appendix page 47, columns 1 and 2. And then in columns 3, lines 25 to 30, it talks about... Sorry, in columns 3, lines 19 to 21, it talks about what the need is. Columns 3, lines 24 to 30, talks about the self-evolving database. And then when you skip to column 10, which is on appendix page 51, it talks about what is the improvement that this database results in and what it allows the user to do. Where in column 10? Column 10, starting at line 38, it starts in short, it should immediately be apparent from the above discussion, the system is a significant improvement over previously wide-known database systems and especially... What's the significant improvement? It allows users to quickly and efficiently access hundreds of thousands, even millions of records... Doesn't tell me how. Even more importantly, the system allows the user to add data and search for items according to parameters which are at the same time open to supplementation but tending to limit the choices of users by others. Again, functional language about what the database does, not what the new structure is. The new structure... The structure... The specification explains what prior art databases were and why this is not conventional. And it has abstract ideas about how this can be used in different ways but doesn't define the structure. I mean, the problem with this is, and I get it, these claims were written pre-ALICE and they were written using broad functional claiming language that was permissible pre-ALICE. But they don't have anything in them that describes a specific algorithm or the like about what this new database structure you're now trying to base patent eligibility on. I mean, I've just given you a couple minutes to give me your best evidence of the specification and all you point me to is functional claiming language. Is there anything else? You know, I'll have to look back at your... I mean, our point is that people are coming in saying  We have experts who are saying this is not really a conventional database. It doesn't matter if it's conventional or not. What it's directed to is an abstract idea. An abstract idea of collecting and indexing data, even if it's a new way of collecting and indexing data, is an abstract idea. You don't get patent eligibility by saying this is a new abstract idea. But from plaintiff's view, it's not, because as the expert said in the specification, classification parameter value is a very particular structure for a database. You may argue it's in the prior art... Mr. Ben, I think we got your argument. And you used up all your rebuttal time, but we'll give you back some rebuttal time. Thank you. All right? Thank you. Give me back two weeks. Counselor Bonilla? May it please the court? Garbage in, garbage out. That's a phrase from BSG Tech's reply brief, it's on page four, where they explain basically the thrust of the asserted claims in this case, the claims that are at issue. The whole idea behind these patents is if we have a more informed user of the database, if they have some information about historical usage, that they will then put in better information to the database. Now, that's not a new database. That's not a new database structure. That's the idea that if a user knows how information was previously put into this database, it will likely use some of that information to insert their information, their records. Now, it's important to note that in these claims, there's nothing that actually requires the users to use previous parameters. There's nothing that actually requires them to use the parameters or values that were historically used by others. It's just if we give them this information, if we give the user this historical information, the user will be better informed and a better informed user provides better data. So instead of garbage in and garbage out, you get useful information coming in, which should make the database better. But that is quintessentially an abstract idea. It's just the idea that if we give these users information, they will put better information into the database. Speaking of garbage, any questions? The district court relied on Mr. Barnett's declaration to convert this to a summary judgment motion, over your objection, I might add. Does the absolute non-cognizable nature of what Mr. Barnett provided impact this case in any fashion? Not at all. Mr. Barnett simply parroted the attorney's arguments in the briefing. Even more so, he has no citations to anything other than the patents, provides no... As I said, garbage in. And we got garbage out. What we got coming out of that declaration was just him saying, well, there are other ways to put together a database that doesn't require... But the district court relied on it. Well, the district court considered it and certainly said that we'll take this, I'm going to take this into account. And Judge Schrader asked, do you have any other evidence, either side, any other evidence you want to submit before I convert this into a summary judgment motion? Each side said, no, we have no more evidence. So the only thing they had was the patents, prosecution history, and Mr. Barnett's declaration, which is conclusive. The declaration simply states... It's non-cognizable. It doesn't have anything to do... It doesn't actually say anything other than it's possible to create databases that don't have parameters or values, which I find it hard to believe that you could create a database without parameters and values. That's the whole point of a database, is to have records that have particular categories and then information within those categories. But he says, well, there's other ways to do this other than what we've claimed. Well, that's irrelevant. Just because it's possible to create a database that would not infringe on these claims does not mean that the claims are not directed to an abstract idea or that there's any kind of inventive concept. Now, they talk about... They mention very little about whether this was conventional in 1998, but opposing counsel just said you could take a database off the shelf and program it such that it would work in the manner required by these claims. But these claims are not directed to the actual structure of a database. Two of the patents are method claims, and the third, the self-evolving database, is just an analog of the method. It's just saying, have a database structure that has classifications, parameters, and values, and then provide the users with historical usage information such that they can go, oh... And it changes when data comes in. Absolutely. That's what self-evolving is. Right. It's new. As you, Judge Wallach, mentioned earlier during opposing counsel's argument, it's not a new database just because it has new information. Right? That's just using a database with this idea that, well, we'll give them some information. Oh, it turns out most people use the word red to describe a color instead of ruby or vermilion or whatever. That is not an improvement to the functionality of the database. Improving the information input to a database is not the same as improving the functionality of a database. Okay. Questions? And unless there are any other questions, your Honor, we ask this Court to affirm local assessment. Okay. We thank you very much, Mr. Bonilla. Mr. Bonilla, you have two minutes. How is that Barnett Declaration in any way usable by a court? What Mr. Barnett did was he reviewed the specification and based on his experience... That's right. How is it not? The point was to point out that there's a very specific structure to the database. I know your Honors think the classification parameter values is a generic structure. Well, federal rules of evidence require that in order for a court to consider an affidavit of someone, it must be admissible under the rules of evidence. How is... Consider that Mr. Barnett was testifying live. How would that be admissible evidence, non-objectionable? Based on his ordinary experiences as a person of ordinary skill in New York, explaining that a classification parameter value structure for a database is not an ordinary database. It's not a generic database. There are many generic databases out there. For example, the typical database is actually just parameters and values. There's no classifications to it. So when you go to an Excel spreadsheet, it's just parameters and values. A lot of databases are just classifications and data. So in terms of describing what he's doing is he's saying it may seem common to an ordinary person to say this is just a generic database, but to a person of ordinary skill in New York, the structure there, not just the classifications, parameters, values, but the fact that you have a database that is not controlled by the programmer. It allows a user... One claim has independent relationships between parameters and classifications and values and parameters, and another one that allows the user to input new parameters without modifying the structure of the database. But this is not something that's common in New York. It's not conventional. It's not ordinary. And it's a specific structure. Your Honor, I see no comments. All right. We thank you very much. We thank the parties for the argument. This court is now in recess. All rise. The court is adjourned until Monday morning. It's at o'clock a.m. Thank you.